IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| OLIVIA FLORES PADILLA and | ) | |
| STRAWBERRY PLAZA INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.     Defendant, OLIVIA FLORES PADILLA (hereinafter "OLIVIA FLORES PADILLA), is an individual who transacts business in the State of Texas and within this judicial district.

8.     Defendant, OLIVIA FLORES PADILLA, may be properly served with process via service, to wit:  2210 Sugar Hill Drive, Deer Park, TX  77536.

9.     Defendant, STRAWBERRY PLAZA INC. (hereinafter "STRAWBERRY PLAZA INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10.    Defendant, STRAWBERRY PLAZA INC., may be properly served with process via its registered agent for service, to wit:   Aziz A. Dholasaniya, Registered Agent, 19976 TX-35, Alvin, TX  77511.

## FACTUAL ALLEGATIONS

11.     On or about August 31, 2019, Plaintiff was a customer at "Taco Express" a business located at 1900 Strawberry Road, Pasadena, TX  77502, referenced herein as "Taco Express".

12.     Taco Express is owned and operated by Defendant, OLIVIA FLORES PADILLA.

13.     Defendant, OLIVIA FLORES PADILLA, is the Owner of the real property and improvements that are the subject of this action and operates Taco Express.

14.     Defendant, STRAWBERRY PLAZA INC., is the owner or co-owner of the real property and improvements that Taco Express is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives 12 miles from Taco Express and the Property.

16.     Plaintiff's access to the business(es) located 1900 Strawberry Road, Pasadena, TX 77502, Harris County Property Appraiser's account number 0771910080166 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Taco Express and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Taco Express and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Taco Express and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Taco Express and the Property is accessible again.  The purpose of the revisit is

3

to be a regular customer, to determine if and when Taco Express and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends on revisiting Taco Express and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Taco Express and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Taco Express and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Taco Express and the Property.

<u>COUNT I</u>
<u>VIOLATIONS OF THE ADA AND ADAAG</u>

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

4

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     Taco Express is a public accommodations and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.     Taco Express must be, but is not, in compliance with the ADA and ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.      Plaintiff has attempted to, and has to the extent possible, accessed Taco Express and the Property in his capacity as a customer of Taco Express and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Taco Express and the Property that preclude and/or limit his access to Taco Express and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Taco Express and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Taco Express and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Taco Express and the Property that preclude and/or limit his access to Taco Express and the Property and/or

6

the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Taco Express and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., are compelled to remove all physical barriers that exist at Taco Express and the Property, including those specifically set forth herein, and make Taco Express and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Taco Express and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Taco Express and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Unit 190, there is accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG

7

standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii)     In front of Taco Express, there is accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iii)    Near Unit 190, the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    In front of Taco Express, the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v)     Near Unit 190, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property, due to the fact that the accessible ramp is positioned directly in front of the accessible parking space so that when a vehicle parks in the accessible parking space, the accessible route to the accessible ramp is blocked by the parked vehicle in the accessible parking space, in violation of Section 206.2.1 and 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)    In front of Taco Express, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property, due to the fact that the

accessible ramp is positioned directly in front of the accessible parking space so that when a vehicle parks in the accessible parking space, the accessible route to the accessible ramp is blocked by the parked vehicle in the accessible parking space, in violation of Section 206.2.1 and 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii)     Near Unit 190, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(viii)    In front of Taco Express, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ix)     Near Unit 190, the landing at the top of the curb accessible ramp does not have 36 (thirty-six) inch clear space in violation of Section 406.4 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the Property.

(x)     In front of Taco Express, the landing at the top of the curb accessible ramp does not have 36 (thirty-six) inch clear space in violation of Section 406.4 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the Property.

(xi)     The walking surfaces of the accessible route have inadequate turning space in violation of Section 304.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xii)    There are a total of 53 parking spaces on the Property, yet there are only two accessible parking spaces when there should be three accessible parking spaces. As such, the total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xiii)   Inside Taco Express, there are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xiv)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**TACO EXPRESS RESTROOMS**

(i)      The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)     The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv)The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)    The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(viii)    The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

11

(ix)    The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(x)    The door hardware of the restrooms is not at the proper height in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xi)    The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Taco Express and the Property.

37.    Plaintiff requires an inspection of Taco Express and the Property in order to determine all of the discriminatory conditions present at Taco Express and the Property in violation of the ADA.

38.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.    All of the violations alleged herein are readily achievable to modify to Taco Express and the Property into compliance with the ADA.

40.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Taco Express and the Property is readily achievable because the

nature and cost of the modifications are relatively low.

41.     According to the Harris County Property Appraiser website, the market value of the Property is $1,101,337.00, as such, the removal of the physical barriers and dangerous conditions present at Taco Express and the Property is readily achievable because Defendant, STRAWBERRY PLAZA INC., has the financial resources to make the necessary modifications.

42.     Upon information and good faith belief, Taco Express and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Taco Express and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC..

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, OLIVIA

FLORES PADILLA and STRAWBERRY PLAZA INC., to modify Taco Express and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)   That the Court find Defendant, OLIVIA FLORES PADILLA, in violation of the ADA and ADAAG;

(b)   That the Court find Defendant, STRAWBERRY PLAZA INC., in violation of the ADA and ADAAG;

(c)   That the Court issue a permanent injunction enjoining Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., from continuing their discriminatory practices;

(d)   That the Court issue an Order requiring Defendants, OLIVIA FLORES PADILLA and STRAWBERRY PLAZA INC., to (i) remove the physical barriers to access and (ii) alter the subject Taco Express and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)   That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: October 25, 2019.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com